**Sefer ATASSE, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–72217.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2009.*

Filed May 12, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Douglas D. Nelson, Esq., San Diego, CA, for Petitioner.

District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Madelyn E. Johnson, Esq., San Francisco, CA, U.S. Department of Justice Judiciary Center Building, U.S. Department of Justice Civil Div./Office of Immigration Lit., Kenneth L. Wainstein Fax, Office of the U.S. Attorney for the District of Columbia, Washington, DC, for Respondent.

Before: NOONAN, O'SCANNLAIN, and GRABER, Circuit Judges.

## MEMORANDUM **

Petitioner Sefer Atasse, a native and citizen of Syria, entered the United States as a visitor. She overstayed her visa, and the government instituted removal proceedings. Petitioner applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), claiming that she was raped by a government official for refusing to join the Syrian Ba'ath Party.

The immigration judge ("IJ"), and the Board of Immigration Appeals ("BIA") on appeal, held that no nexus existed between the rape and a statutorily protected ground. The IJ and BIA denied CAT relief as well.

We review the BIA's finding that there was no nexus under a highly deferential standard; to grant the petition, we must conclude that the evidence "compels" the contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ 1. We turn first to the asylum claim. Rape can be a form of persecution. *Lazo–Majano v. INS,* 813 F.2d 1432, 1435–36 (9th Cir.1987), *overruled on other grounds by Fisher v. INS,* 79 F.3d 955 (9th Cir.1996) (en banc); *see also Lopez–Galarza v. INS,* 99 F.3d 954, 959 (9th Cir.1996) (so holding). The agency found Petitioner credible, noting that her testimony was "believable and detailed." Thus we accept Petitioner's testimony as true.

Colonel Shahateh raped Petitioner. The only issue is whether he did so because of her imputed political opinion, which is "a political opinion attributed to the applicant by [her] persecutors." *Sangha v. INS,* 103 F.3d 1482, 1489 (9th Cir.1997).

We grant the petition. The evidence compels a finding that there was a nexus to the protected ground of imputed political opinion.

Colonel Shahateh knew who Petitioner was and who her family members were; he made several comments on multiple occasions that he chose her as a victim specifically because of her family's political views and activities and because of her own refusal to join the Ba'ath Party. For example, at the time of the rape, the Colo-

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

nel told Petitioner that her friendship with people "who are suspected of being against the government" could lead to her death; threatened her if she did not join the Ba'ath Party; and called her politically active family "traitors and enemies of the Syrian government." These facts are materially indistinguishable from those in *Silaya v. Mukasey*, 524 F.3d 1066 (9th Cir. 2008), in which we granted a similar petition.

Because Petitioner suffered past persecution, on remand she will be entitled to a presumption of future persecution. 8 C.F.R. § 1208.13(b)(1). She also could be entitled to discretionary consideration of humanitarian asylum. *Id.* § 1208.13(b)(1)(iii).

2. With respect to withholding, the agency relied on Petitioner's failure to prove eligibility for asylum. Because Petitioner is statutorily eligible for asylum, as discussed above, we must remand so that the BIA may reconsider the withholding claim.

3. We review the denial of CAT relief for substantial evidence. *Bellout v. Ashcroft*, 363 F.3d 975, 979 (9th Cir.2004). Substantial evidence supports the BIA's conclusion that Petitioner failed to establish that it is more likely than not that she would be tortured if returned to Syria. 8 C.F.R. § 208.16(c)(2).

PETITION GRANTED in part; DENIED in part; REMANDED. Costs on appeal are awarded to Petitioner.